# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 5, 2012

## JUNIOR LENRO SMOTHERS v. STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Madison County
### No. C-11-260    Roger A. Page, Judge

### No. W2011-02684-CCA-R3-PC  - Filed December 13, 2012

Petitioner, Junior Lenro Smothers, filed a *pro se* petition for writ of error coram nobis ("coram nobis petition") in the Madison County Circuit Court attacking his two convictions for aggravated statutory rape and one conviction for delivery of a schedule II controlled substance.  The coram nobis trial court summarily dismissed the petition without an evidentiary hearing. Petitioner appeals, and we reverse the judgment of the trial court in part, affirm in part, and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Reversed in Part, Affirmed in Part, and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and JEFFREY S. BIVINS, JJ., joined.

Junior Lenro Smothers, Whiteville, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; James G. Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

On May 14, 2008, in Madison County Circuit Court case number 08-40 Petitioner entered "best interest" guilty pleas, pursuant to a negotiated plea agreement, to three offenses: Count 1, aggravated statutory rape of an individual we identify as "A"; Count 2, aggravated statutory rape of an individual we identify as "B"; and Count 14, delivery of a schedule II controlled substance.  Petitioner received a sentence of four years for each

aggravated statutory rape conviction and a sentence of six years for the drug conviction. All sentences were ordered to be served consecutively for an effective sentence of 14 years.

On October 7, 2011, Petitioner filed his coram nobis petition with the basis for relief being recently discovered purported recantations made by victims A and B. The victim we identify as B signed an affidavit on August 4, 2011, in which she stated in pertinent part:

> 1. I was the alleged victim in the crimes alleged against Mr. Junior Lenro Smothers [Petitioner].
>
> 2. I never have had any type of sexual relations, intercourse, or otherwise with Mr. Junior Lenro Smothers [Petitioner].

Victim A did not sign an affidavit. Petitioner attached a printed copy of a social network communication purportedly between Victim A and another person. The purported communication by Victim A, according to the petition, exonerates Petitioner of the charge in Count 1.

The State filed a motion to dismiss the coram nobis petition because: (1) it was filed outside the applicable one year statute of limitations; (2) a guilty plea cannot be attacked by a petition for writ of error coram nobis; and (3) the court "should not place any significant weight on the alleged recantation." The State attached to its motion copies of incriminating statements made by both victims, and also a copy of Petitioner's statement to law enforcement in which Petitioner confessed to multiple sexual penetrations of the victims.

The trial court's order dismissing the petition without an evidentiary hearing was based on three grounds: (1) the petition was filed outside the one year statute of limitations, *see* Tenn. Code Ann. § 27-7-103; (2) the writ of error coram nobis cannot be used to attack a conviction based on a guilty plea; and (3) as concluded by the coram nobis court, "Petitioner admitted guilt in his statements. The materials submitted by the Petitioner do not adequately contradict the statements."

We conclude that Petitioner is not entitled to relief on appeal as to the conviction in Count 14 of case number 08-40 for delivery of a schedule II controlled substance. The purported newly discovered evidence has absolutely nothing to do with this conviction. Likewise, Petitioner is not entitled to relief on appeal for the conviction of aggravated statutory rape in Count 1 of case number 08-40 related to victim A. Victim A did not sign an affidavit recanting any part of her prior statement(s), and the alleged unsworn social network communication by victim A in this case does not rise to the level of evidence necessary to support coram nobis relief, even if true. It does not name Petitioner, though it

references someone who was Petitioner's age, 67 years old, at the relevant time. The social network communication is between two persons who use the monikers of "Autumns Mommy" and "Candy Eyes." The whole series of multiple communications occurred between March 22, 2010, at 10:28 p.m. and March 24, 2010, at 4:21 a.m., and can best be described as a very antagonistic exchange of insults and vulgarities. In it, the person who is allegedly Victim A includes the comments, "he has never done anything to me he only tried he didn't get the time becuz [sic] of me . . . he was 67 . . . ." These vague references, unsworn to and in the context given, do not support proceeding with a hearing as to Count 1. *See Harris v. State*, 301 S.W.3d 141, 153-54 (Tenn. 2010) (Koch, J., concurring) ("While there are certainly petitions for a writ of error coram nobis that cannot be easily resolved on the face of the petition alone . . . trial courts need only conduct evidentiary hearings when they are essential.") (citing Larry W. Yackle, Postconviction Remedies § 1:10 (2009)).

We will now address the issue regarding summary dismissal of the petition as to the conviction for aggravated statutory rape of Victim B as alleged in Count 2 of case number 08-40.

The coram nobis court's order summarily dismissing the petition was filed November 17, 2011, seven days after the State's motion to dismiss was filed. In a letter from Petitioner to the coram nobis court dated November 28, 2011, Petitioner stated that he had never received the "response" filed by the State and asked the court to withdraw its order of dismissal and allow Petitioner time to reply. The coram nobis court entered an order on December 5, 2011, denying Petitioner's request for the coram nobis court to reconsider its previous order dismissing the petition.

Included in the appellate record is a handwritten statement, purportedly signed by Petitioner, that asserts he was threatened and forced to sign his statement, and that he was not advised of his rights before he signed the document. He further stated that the statement in fact was the words of Sgt. Michael Doran (law enforcement officer) and not Petitioner.

In his petition for coram nobis relief, Petitioner alleged that the statute of limitations should be tolled "so as to not offend due process requirements, since the newly discovered evidence was unknown during the one year limitation period." Petitioner alleged that the recantation evidence was not discovered until April 3, 2011. In its order of dismissal, the coram nobis court did not address Petitioner's claim that the statute of limitations should have been tolled on due process grounds.

In light of our supreme court's recent decision in *Wlodarz v. State*, 361 S.W.3d 490 (Tenn. 2012), the coram nobis court's basis to dismiss the petition because it attacked a guilty plea was not appropriate. In its motion to dismiss, the State acknowledged that "the issue of

whether a guilty plea can be challenged by the writ of error coram nobis is currently [pending] before the Tennessee Supreme Court" in *Wlodarz*. In *Wlodarz* the supreme court held that guilty pleas can be attacked pursuant to the coram nobis statute. *Id*. at 503.

In *Arthur W. Stamey, III v. State*, No. E2008-01061-CCA-R3-PC, 2009 WL 102940 (Tenn. Crim. App. Jan. 12, 2009), *perm. app. denied* (Tenn. June 17, 2010), the petitioner in a coram nobis proceeding attacked his conviction of aggravated sexual battery which was the result of a guilty plea. The petitioner filed his petition beyond the one year statute of limitations for coram nobis proceedings set forth in Tennessee Code Annotated section 27-7-103 (2000), but alleged that newly discovered, exculpatory evidence was not discovered by him until more than three years after his guilty plea. The exculpatory evidence consisted of statements given by the alleged victim to an interviewer at a Child Advocacy Center, and the statements had not been provided by the State to the petitioner prior to his guilty plea. In *Arthur W. Stamey, III*, the coram nobis trial court summarily dismissed the petition without making findings regarding the petitioner's due process tolling claim. *Id*. at *3. This Court in *Arthur W. Stamey, III*, held

> Because the petitioner alleged grounds that, if true, would require the tolling of the coram nobis statute of limitations, the coram nobis court should not have dismissed the petition as time-barred in the absence of any findings regarding the petitioner's due process tolling claim. Further, because the evidence advanced by the petitioner is not otherwise barred from consideration in a coram nobis proceeding, summary dismissal was not otherwise warranted. In consequence, the judgment of the coram nobis court is reversed, and the case is remanded for a hearing to determine whether due process principles require the tolling of the statute of limitations in this case. Specifically, the coram nobis court should determine whether the State withheld the statements at issue as the petitioner alleges and, if so, whether the bar of the statute of limitations would deprive the petitioner of the opportunity to present his claims at a meaningful time and in a meaningful manner.

*Id*.

Thus, the coram nobis trial court erred in this case by summarily dismissing the petition on the statute of limitations issue.

Finally, the coram nobis court erred by dismissing the petition based upon a finding, without evidence having been admitted at a hearing, that Petitioner's statement to law enforcement was not adequately contradicted by the recantation affidavit of Victim B. This

is especially relevant in this case because the coram nobis court summarily dismissed the petition without allowing Petitioner to respond to the State's motion to dismiss.

In consideration of the entire record, we conclude Petitioner is entitled to a hearing on his petition as to the conviction in Count 2 of case number 08-40. The coram nobis court's order summarily dismissing the petition as to this count is reversed; this cause is remanded to the trial court for a hearing to determine whether due process principles require tolling of the statute of limitations as to Count 2. In the event the statute of limitations must be tolled, the trial court shall have an evidentiary hearing on the merits of the petition as to Count 2. The trial court shall first determine if Petitioner is entitled to the appointment of counsel as per his request in the petition. Otherwise, as to the conviction in Count 1 for aggravated statutory rape and in Count 14 for delivery of a schedule II controlled substance, the summary dismissal of the petition for coram nobis relief is affirmed.

## CONCLUSION

The judgment of the coram nobis court summarily dismissing the petition as to Count 2 of case number 08-40 is reversed and this case is remanded to the coram nobis trial court for proceedings consistent with this opinion. As to Counts 1 and 14 of case number 08-40, the judgment of the coram nobis court is affirmed.

_____
THOMAS T. WOODALL, JUDGE